UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY MORIN, | ) | |
| | ) | Civil Action No. |
| Petitioner, | ) | 19-30075-FDS |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN KENNEWAY, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER ON
# MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

**SAYLOR, C.J.**

This is a *pro se* petition for a writ of habeas corpus. Petitioner Jeremy Morin is an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts.

In 2002, Morin pleaded guilty in Superior Court to two counts of arson and was sentenced to a prison term of seven to ten years followed by five years of probation. In 2012, after his release, but while on probation, he set fire to another building. As a result, he was found to have violated his probation and was sentenced to a prison term of six to eight years. He also pleaded guilty to one new count of arson, for which he was sentenced to a ten-year term of probation following his release from prison.

Morin now seeks habeas relief pursuant to 28 U.S.C. §2254. Respondent has moved to dismiss the petition, contending that it is time-barred under 28 U.S.C. § 2244(d).[1] For the following

---

[1] The petition named the Commonwealth of Massachusetts as the respondent. The proper respondent is Steven Kenneway, Superintendent of the Souza-Baranowski Correctional Center, the facility where the petitioner is currently in custody. *See* 28 U.S.C. § 2242; Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. The Commonwealth moved to correct the case caption and substitute the proper defendant, which the Court has granted.

reasons, the motion will be granted.

I.      **Background**[2]

      A.      **Petitioner's First Arson Conviction and Sentence**

On June 25, 2002, Jeremy Morin pleaded guilty in Superior Court to two counts of burning a building in violation of Mass. Gen. Laws ch. 266, § 2. He was sentenced to a prison term of seven to ten years, followed by a term of probation of five years.

On August 26, 2002, Morin filed an appeal with the Appellate Division of the Superior Court. The court dismissed the appeal on August 21, 2003. He did not attempt to withdraw his guilty plea.

Morin then filed various motions for a new trial and for post-conviction relief. Those motions were pending from July 10 to July 17, 2003; from July 11 to July 16, 2007; and from February 6 to February 21, 2008. All of the motions were denied.

On January 25, 2008, Morin filed a petition for a writ of habeas corpus in federal court. On February 20, 2009, the District Court dismissed the petition on grounds that the limitations period had expired and he had failed to exhaust his state remedies. *See Morin v. Massachusetts*, 598 F. Supp. 2d 165 (2009).

Morin completed the remainder of his sentence, and was released from prison in February 2012.

      B.      **Petitioner's Second Conviction and Probation Violation**

Shortly after being released, and while still on probation, Morin set fire to another building. In response, on March 30, 2012, the Massachusetts Probation Service filed for an

---

[2] Information in this section may be found in the relevant dockets for the Superior Court and the federal case arising out of the first habeas petition. *See Commonwealth v. Morin*, 0279-cr-00320; 1279-cr-00663; *Morin v. Massachusetts*, 598 F. Supp. 2d 165 (D. Mass. 2009).

arrest warrant based on an alleged probation violation. In addition, on July 12, 2012, the Commonwealth filed new criminal charges against him based on the new arson.

On April 2, 2014, Morin pleaded guilty to one count of burning a building in violation of Mass. Gen. Laws ch. 266, § 2. On August 6, 2014, he was sentenced on the new criminal offense and the related probation violation. He was sentenced to a prison term of six to eight years for violating the conditions of his probation, to be followed by a ten-year term of probation for the new offense. He is now an inmate at the Souza-Baranowski Correctional Center, serving time on the probation violation.

### C.     Petitioner's Motions Since His Second Sentencing

Since his 2014 sentencing, Morin has filed various post-conviction motions in state court.[3]

On December 18, 2014, he filed a motion to revise and revoke his sentence. That motion was denied on December 22, 2014.

On January 5, 2015, he filed a motion for an injunction against the Commonwealth. That motion was denied on January 6, 2015.

On March 17, 2015, he filed a motion to stay his proceedings and to take an interlocutory appeal. That motion was denied the next day, March 18, 2015, because there was nothing pending to be stayed or appealed.

On September 28, 2015, he filed a motion for a free transcript. That motion was granted on September 29, 2015.

For a period of more than a year and a half, no motions were pending. In June 2017, Morin filed another flurry of motions. On June 20, 2017, he filed motions to be referred to the

---

[3] Although the sentence of imprisonment he is currently serving was imposed as a result of the probation violation arising out of his 2002 conviction, all of the filings have been made in the docket of the 2012 conviction.

CPCS post-conviction screening panel and to be declared indigent; on June 21, 2017, he filed a motion to reconsider his probation violation; and on June 28, 2017, he filed a motion to dismiss his case. On July 6, 2017, the court denied the latter two motions. It noted that he had filed for reconsideration in the wrong case, and that the motion to dismiss had no relation to his conviction by plea. On July 10, 2017, the court granted his motion for CPCS referral and declaration of indigency.

On January 23, 2018, Morin filed a motion to withdraw his guilty plea due to mental defect or insanity. That motion was denied on June 11, 2018.

On November 5, 2018, he filed a motion for immediate release from prison. That motion was denied the next day, November 6, 2018.[4]

On May 22, 2019, Morin filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred.

## II.     Analysis

### A.     Limitations Period

A state prisoner has one year from the date on which the judgment against him became final, either "by the conclusion of direct review or the expiration of the time for seeking such review," to petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). For the purposes of this section, a conviction is final when the "availability of direct appeal to the state courts and to the [U.S. Supreme Court] has been exhausted." *Drew v. MacEachern*, 620 F.3d 16, 19 (1st Cir. 2010) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 129 (2009)). In other words, for petitioners who pursue direct review from the Supreme Court, a judgment becomes final when the Supreme Court "affirms a conviction on the merits or denies a petition for certiorari."

---

[4] On May 29, 2019, after the filing of the petition in this case, Morin filed another notice of interlocutory appeal and stay of proceeding. However, because there was no pending case, the state court took no action.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  For all other petitioners, a judgment becomes final "when the time for pursuing direct review . . . in state court, expires."  *Id.*

Ordinarily, a Massachusetts defendant has thirty days after the entry of a conviction to file an appeal.  *See, e.g., Morin*, 598 F. Supp. 2d. at 167; *see also* Mass. R. App. P. 4(b).  A defendant who pleads guilty, however, is not entitled to direct review, because a "motion for new trial is the appropriate device for attacking the validity of a guilty plea."  *Fitzgerald v. District Court Department of Trial Court*, 471 Mass. 1001, 1002 (2015) (quotation omitted); *see also Bermudez v. Roden*, 2016 WL 4007553, *2 (D. Mass. July 26, 2016).  Therefore, "the entry of a guilty plea is a final judgment of conviction that begins the running of the limitations period."  *Hugal v. Dolan*, 353 F. Supp. 3d 94, 97 (D. Mass. 2016) (citing *Turner v. Massachusetts*, 2013 WL 3716861, *2 (D. Mass. July 11, 2013)).[5]

The statute excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  An application is pending both "when it actually is being considered by the trial or appellate court" and "during the 'gap' between the trial court's initial disposition and the petitioner's 'timely filing of a petition for review at the next level.'"  *Currie v. Matesanz*, 281 F.3d 261, 266 (1st Cir. 2002) (quoting *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001)).  State procedural law controls whether a post-conviction application is pending.  *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002).

---

[5] Several decisions in this district have held that petitioners who pleaded guilty are nonetheless entitled to the 30-day appeal window before their conviction becomes final.  *See, e.g., Blomgren v. Gelb*, 2015 WL 4602314, *3 (D. Mass. July 29, 2015); *Davis v. Roden*, 2013 WL 1339682, *3-4 (D. Mass. March 29, 2013).  That view, however, does not fit well with Supreme Court precedent that emphasizes the importance of state procedural law.  *See, e.g., Carey v. Saffold*, 536 U.S. 214, 219-220 (2002) (holding that state procedural law controls whether a post-conviction filing is "pending"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that judgments become final for petitioners who do not seek direct Supreme Court review "at the expiration of the time for seeking such review—when the time for pursuing direct review in this Court, or in state court, expires") (quotation omitted).  In any event, even if Morin were given the benefit of a 30-day grace period after his guilty plea, the disposition of this motion would not be affected.

5

Morin seeks habeas relief from two separate sentences. First, he seeks relief from the prison sentence imposed for his violation of probation, which is the sentence he is currently serving. Under Massachusetts law, "[i]f a defendant violates one or more conditions of probation, a judge may revoke his probation and sentence him to a term of imprisonment"—not as punishment for violating a probation condition, but as a new sentence on his underlying conviction. *Commonwealth v. Eldred*, 480 Mass. 90, 97 (2018). Morin does not seek review of his 2002 conviction or sentence, but rather the sentence imposed when his probation was revoked in 2014. *Cf. Morin*, 598 F. Supp. 2d at 165 (denying habeas relief from that sentence). Under the statute, the "limitations provision is focused on the judgment [that currently] holds the petitioner in confinement." *Watts v. Stewart*, 2018 WL 1548905, *1 n. 3 (S.D. Ala. March 7, 2018). The date of the relevant judgment is therefore August 6, 2014. *See also Green v. Price*, 439 Fed. App'x 777, 783 (11th Cir. 2011). (unpublished) (limitations period began to run when revocation of probation became final). For purposes of the statute of limitations, the probation revocation became final on September 6, 2014—thirty days following the sentencing. *See* 28 U.S.C. § 2244(d)(1)(A); *Morin*, 598 F.2d at 167; *see also* Mass. R. App. P. 4(b).

Second, Morin seeks relief from the sentence imposed on his 2014 arson conviction, which is a term of probation that will follow his current term of imprisonment. *See Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984) (probationers are "under governmental supervision" for habeas review because "probationers are generally placed in the custody of probation officers). [6] As to that claim*,* Morin pleaded guilty on April 2, 2014. Arguably, because Massachusetts

---

[6] Although the petition does not clearly state that Morin seeks review of his probation sentence, the Court will construe it as doing so. The petition refers to both the revocation of his probation and the 2014 arson conviction. Moreover, it points to case number 1279-cr-00663, which is the number of the proceeding in which he pleaded guilty in 2014, and which resulted in a ten-year sentence of probation. *See also Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (holding that document filed by *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") *(*quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).

defendants who plead guilty have no right to an appeal, the entry of the guilty plea was a "final judgment of conviction" that "beg[an] the running of the limitations period." *Hugal*, 353 F. Supp. 3d at 97. However, because he was not sentenced on that charge until August 6, 2014, the Court will assume, without deciding, that the AEDPA limitations period did not begin running until that date.[7]

The one-year limitations period was tolled during any period that there were pending post-conviction filings for relief. As noted, Morin filed numerous post-conviction motions, including a motion to revise and revoke his sentence filed on December 16, 2014 (denied December 22, 2014); a motion for an injunction against the Commonwealth filed on January 5, 2015 (denied January 6, 2015); a motion to stay proceedings and for interlocutory appeal filed on March 17, 2015 (denied March 17, 2015); a motion for a free transcript filed on September 28, 2015 (granted on September 29, 2015); a motion to refer his case to the CPCS panel and to be declared indigent filed on June 20, 2017 (both granted on July 10, 2017); a motion for reconsideration of his probation violation filed on June 21, 2017 (denied on July 6, 2017); a motion to dismiss the case against him filed on June 28, 2017 (denied on July 6, 2017); a motion to withdraw his guilty plea filed on January 23, 2018 (denied on June 11, 2018); a motion to appoint a guardian ad litem filed on October 22, 2018 (denied on October 24, 2018); and a motion for immediate release from prison filed on November 5, 2018 (denied on November 6, 2018).

Those motions were all filed in the docket numbered 1279-CR-00663, the docket of the 2014 charge to which Morin pleaded guilty. Nonetheless, several of the motions appear to be

---

[7] Again, Morin is not entitled to a 30-day grace period in which to file an appeal because his second charge was resolved by a plea. Under Massachusetts law, the correct procedural vehicle to challenge a guilty plea is a post-conviction motion for new trial, not a direct appeal. *See Hugal*, 353 F. Supp. 3d at 97.

directed to the 2002 charge and the subsequent probation revocation. (*See* Mot. to Dismiss, Exs. 1 & 2). Rather than attempt to allocate these motions to their appropriate convictions, and attempt to ascertain which motions actually qualify for tolling purposes, the Court will simply assume for present purposes that all of the motions qualify and that each motion applies to both sentences.[8]

Even with the benefit of those assumptions, the limitations period has clearly expired. That conclusion is most apparent when considering the gap between the granting of his motion for a free transcript (September 29, 2015) and the filing of his motions to be referred to the CPCS post-conviction screening panel and to be declared indigent (June 20, 2017). During that period of more than a year and a half, there were no motions pending. At a bare minimum, therefore, there was a period of more than a year after the relevant judgment during which no post-conviction motions were pending. Accordingly, the one-year limitations period has expired, and the petition is untimely.[9]

### B. Equitable Tolling

The only remaining issue is whether, for some reason, that period should be equitably tolled. Equitable tolling of the limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented timely filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005). To establish grounds for equitable tolling, a petitioner

---

[8] Many of the motions likely did not toll the limitations period, because not all of them actually "s[ought] reexamination of the relevant state-court conviction or sentence." *Kholi v. Wall*, 582 F.3d 147, 151 (1st Cir. 2009); *see also Voravongsa v. Wall*, 349 F.3d 1, 6–7 (1st Cir.2003) (holding, for the same reason, that a motion for appointment of counsel does not toll the period for filing federal habeas petition).

[9] The filing of later motions does not restart the limitations period. *See Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001); *see also Parker v. Massachusetts*, 926 F. Supp. 2d 401, 404 (D. Mass. 2013) ("It is well established . . . that although the tolling provision in 28 U.S.C. § 2244(d)(2) carves out the time during which a post-conviction state relief application is pending, new applications do not restart the one-year statute of limitations [period].") (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

bears the burden of demonstrating both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). "[E]quitable tolling is 'the exception rather than the rule.'" *Holmes v. Spencer*, 685 F.3d 51, 62 (1st Cir. 2012) (quoting *Trapp v. Spencer*, 479 F.3d 53, 59 (1st Cir. 2007)).[10]

Here, Morin has made no showing of any kind either that he diligently pursued his rights during the relevant (that is, untolled) periods or that there were extraordinary circumstances preventing timely filing. Accordingly, equitable tolling is not appropriate. The petition is therefore time-barred and will be dismissed.

### III. Conclusion

For the foregoing reasons, respondent's motion to dismiss is GRANTED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated: April 22, 2020 | Chief Judge, United States District Court |

---

[10] The diligence required for equitable tolling purposes is "reasonable diligence," which is distinct from "maximum feasible diligence." *See, e.g., Lonchar v. Thomas*, 517 U.S. 314, 326 (1996); *Holland*, 560 U.S. at 655. The reasonableness of petitioner's actions depends on the totality of the circumstances. *See Ramos–Martínez v. United States*, 638 F.3d 315, 324 (1st Cir. 2011).